UNITED STATES

v.

Sergeant Walter S. JOSLIN, III, FR 406–64–1177 Headquarters, 3201st Air Base Group Armament Development and Test Center (AFSC).

ACM S24262.

U. S. Air Force Court of Military Review.

5 Nov. 1975.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III. Appellate counsel for the United States: Colonel C. F. Bennett, Colonel Julius C. Ullerich, Jr., Captain Alvin E. Schlechter and Lieutenant Colonel Charles B. Lewis, Jr., USAFR.

DECISION

EARLY, Judge:

Tried by special court-martial, military judge alone, the accused was convicted, despite his pleas, of larceny, forgery, and communicating obscene language to a female, in violation of Articles 121, 123, and 134, 10 U.S.C. §§ 921, 923, 934, respectively, Uniform Code of Military Justice. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $75.00 per month for four months, and reduction to airman basic.

Appellate defense counsel assign one error:

PROSECUTION EXHIBITS 4, 5, AND 6 WERE IMPROPERLY ADMITTED.

The exhibits referred to are handwriting exemplars made by the accused to an agent of the Air Force Office of Special Investigations (OSI). Appellate defense counsel assert, in support of this error, that these exhibits were inadmissible in evidence without a preliminary showing that they were given voluntarily by the accused following proper advisement of his rights under Article 31, Code, supra.

The facts adduced at trial show that, on approximately 29 January 1975, a Sergeant Foster submitted a claim for travel pay to the Travel Pay Section where the accused worked as a cashier. Several days later Foster returned to receive his pay and was first informed that his check had been sent to him by mail. Later, however, the cashier's log was checked, and it indicated that Sergeant Foster had been paid and had signed his name on the voucher as having received his pay in cash. Since the two signatures of Sergeant Foster, as claimant and as recipient of the money, apparently

did not match, an investigation was begun by the OSI. On 24 February 1975 the accused was interviewed by OSI agent Elgin and made a statement in which he denied signing Foster's name on the pay voucher, but admitting placing the date in the "received by" block and writing his initials next to the amount paid. Subsequently, Agent Elgin obtained handwriting exemplars from Sergeant Foster and from the four persons, including the accused, who could have had access to the cashier's cage on the date when the money was allegedly paid.

Because he was a principal suspect, the accused was given proper warning in accordance with Article 31 prior to the interrogation which resulted in his written statement, but there is no evidence of record that he was similarly warned prior to giving the handwriting exemplars some eight days later. However, when these exemplars were offered at trial, the defense counsel interposed no objection.

 It has long been the rule in military law that a handwriting specimen is a "statement" within the meaning of Article 31. See *United States v. Minnifield*, 9 U.S. C.M.A. 373, 26 C.M.R. 153 (1958). This principle has been upheld by the United States Court of Military Appeals, despite the United States Supreme Court's holding, in *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), that the taking of handwriting exemplars is outside of the protection of the Fifth and Sixth Amendments, on the basis that Article 31 is "wider in scope than the Fifth Amendment." *United States v. White*, 17 U.S.C. M.A. 211, 38 C.M.R. 9 (1967). It is clear, therefore, that prior to the taking of handwriting exemplars from a military person suspected of committing a criminal offense, that person must be advised of his rights under Article 31.[1] Thus, it was error for the military judge to receive the accused's handwriting exemplars in evidence without an *affirmative showing* of compliance with the strictures of Article 31, or *express consent* to the omission of such showing by the defense counsel. See Manual for Courts-Martial, 1969 (Rev.), paragraph 140a(2).[2]

The findings of guilty of Charges I and II and their specifications are incorrect in law and are hereby set aside. The findings of guilty of the Additional Charge and its specification are correct in law and fact and are affirmed. A combined rehearing is ordered. See Manual for Courts-Martial, supra, paragraph 92.

LeTARTE, Chief Judge, and ORSER, Judge, concur.

---

1. Preferably such advice should include a specific admonition that the accused need not say *or do* anything, including giving handwriting exemplars, that might incriminate him. *United States v. Lewis*, 18 U.S.C.M.A. 355, 40 C.M.R. 67 (1969); *United States v. White*, supra; *United States v. Penn*, 18 U.S.C.M.A. 194, 39 C.M.R. 194 (1969).

2. Appellate government counsel urge us to apply the waiver doctrine because of defense counsel's failure to object to the handwriting exemplars at trial. See *United States v. Patrick*, 8 U.S.C.M.A. 212, 24 C.M.R. 22 (1957). Whatever may be the limits of the *Patrick* doctrine, we feel that it does not apply here. As we interpret the Manual provisions, an explicit consent to the omission of an affirmative showing of the voluntariness is required, rather than a simple failure to object. Cf., *United States v. Fisher*, 4 U.S.C.M.A. 152, 15 C.M.R. 152 (1954).