UNITED STATES

v.

Sergeant Walter S. JOSLIN III, FR 406–64–1177 Headquarters, 3201st Air Base Group Lowry Technical Training Center (ATC).

ACM S24262 (f rev).

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 June 1975.

Decided 15 April 1976.

---

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before LeTARTE, EARLY and FORAY Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

EARLY, Judge:

Tried by special court-martial, military judge alone, the accused was convicted, despite his pleas, of larceny, falsely making a signature of another to a claim for travel allowance with the intent to defraud, and communicating obscene language to a female, in violation of Articles 121, 123, and 134, 10 U.S.C. §§ 921, 923, 934, respectively, Uniform Code of Military Justice. The sentence, as approved, included a bad conduct discharge, confinement at hard labor for four months, forfeiture of $75.00 per month for four months, and reduction to airman basic. In our original decision, *United States v. Joslin*, 1 M.J. 567 (A.F.C.M.R. 5 Nov. 1975), we set aside the findings of guilty as to the larceny and forgery charges and ordered a combined rehearing. The original convening authority determined that a rehearing on these charges was impractical and requested the successor convening authority to reassess the sentence and publish a supplemental order. On 13 February 1976, the convening authority dismissed the larceny and forgery charges and reduced the sentence to a bad conduct discharge, confinement at hard labor for two months, forfeiture of $75.00 per month for two months and reduction to airman basic.[1]

Appellate defense counsel assert that the "reassessment of the sentence by the Commander, Lowry Technical Training Center, was grossly inadequate." We disagree.

The guidelines for determining the appropriateness of sentence reassessments in this and similar situations are not precisely drawn, nor can they be. Of primary consideration, however, are the probable impact of the dismissed charges on the trial court's sentence deliberations,[2] and whether the sentence, as reassessed, is so grossly disproportionate to the affirmed charges as to be unconscionable.[3]

A further consideration, in our opinion, is the type of court-martial before which the accused was tried. Obviously, the appropriateness of a reassessed sentence following trial by special court-martial is not as critical as in trials by general court-martial where the sentence disparity could be much

---

1. All rights, privileges and property of which the accused had been deprived by virtue of the findings of guilty and portion of the sentence set aside were ordered restored. We are informed by appellate defense counsel that the accused, after serving less than the full sentence to confinement, was placed on excess leave.

2. *United States v. Cruz*, 23 U.S.C.M.A. 238, 49 C.M.R. 291 (1974).

3. *United States v. Stene*, 7 U.S.C.M.A. 277, 22 C.M.R. 67, 70 (1956).

greater. For example, as in the case before us, the maximum punishment in a special court-martial for the offenses of which the accused was initially convicted may be the same as that for the offenses finally approved.

■ Here, the affirmed charge was not minor or technical. See *United States v. Stene,* supra. On the contrary, the accused was convicted of an extremely serious offense, communicating obscene language to a female military member over the telephone. We need not repeat that language here; suffice it to say that the accused's unsolicited utterances were offensive, indecent and loathsome. In view of this, we are satisfied that the sentence, as reassessed by the convening authority, is entirely appropriate and justified.

The findings of guilty and the sentence are

AFFIRMED.

LeTARTE, Chief Judge, and FORAY, Judge, concur.