**UNITED STATES**

v.

**Airman First Class Kipp E. FISHER, FR 118–48–6146, United States Air Force.**

**ACM S24623.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 Feb. 1978.

Decided 11 Oct. 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Captain Robert G. Gibson, Jr., and Major Marc G. Denkinger, USAFR. Captain Wesley R. Poole filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain James R. Van Orsdol.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

HERMAN, Judge:

At a special court-martial with members, the accused was convicted, consonant with his pleas, of four offenses of sale or attempted sale of marihuana, lysergic acid diethylamide (LSD), and amphetamines. The court sentenced him to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $265.00 per month for three months, and reduction to airman basic. The reviewing authority, finding merit in the accused's contention that he pleaded guilty improvidently[1] to one of the attempted sales of ampheta-

mines, disapproved the finding of guilty for that specification.

Appellate defense counsel assert that the reassessment of the sentence after disapproval of the one finding was inadequate, as the sentence adjudged by the court was found appropriate by the reviewing authority for the remaining offenses. This court reasoned in a recent special court-martial, *United States v. Joslin*, (f rev), 2 M.J. 629, 630 (A.F.C.M.R.1976),

> The guidelines for determining the appropriateness of sentence reassessments in this and similar situations are not precisely drawn, nor can they be. Of primary consideration, however, are the probable impact of the dismissed charges on the trial court's sentence deliberations, and whether the sentence, as reassessed, is so grossly disproportionate to the affirmed charges as to be unconscionable.

A further consideration, in our opinion, is the type of court-martial before which the accused was tried. Obviously, the appropriateness of a reassessed sentence following trial by special court-martial is not as critical as in trials by general court-martial where the sentence disparity could be much greater.

In effectuating our initial decision in *Joslin*,[2] the convening authority dismissed charges of larceny and forgery, which left standing a conviction for communicating obscene language to a female. He reassessed the sentence of bad conduct discharge, confinement at hard labor for four months, forfeiture of $75.00 per month for four months and reduction to airman basic by reducing the confinement and forfeitures by two months each. We held that such reassessment resulted in an entirely appropriate and justified sentence for the remaining serious offense.

---

1. Counsel asserted that the accused acted as an agent for the buyer in that sale, and on appeal he makes the same assertion with respect to two of the other offenses. We find no merit in these assigned errors. *United States v. Curtis*, 1 M.J. 861 (A.F.C.M.R.1976) aff'd, 4 M.J. 84 (C.M.A.1977); *United States v. Scott*, 49 C.M.R. 213 (A.F.C.M.R.1974), pet. denied, 23

U.S.C.M.A. 633 (C.M.R.1975); *United States v. Wampler*, 44 C.M.R. 638 (A.C.M.R.1971), pet. denied, 21 U.S.C.M.A. 622, 44 C.M.R. 940 (1972).

2. *United States v. Joslin*, 1 M.J. 567 (A.F.C.M.R.1975).

In another, unpublished decision of this Court,[3] the accused was convicted of larceny, false official statements and sale of marihuana. He was sentenced to bad conduct discharge, confinement at hard labor for nine months, forfeiture of $200.00 per month for nine months and reduction to airman basic. The convening authority disapproved the finding of sale of marihuana and, reassessing the sentence, found it to be nonetheless appropriate for the remaining offenses. Although we did not find the sentence to be disproportionate or oppressive, considering (a) the disapproved offense was unrelated to those approved, (b) the probable impact of the disapproved charge upon the deliberations of the military judge, and (c) the entire record, we reduced the confinement by two months and otherwise affirmed the sentence.

We are aware of the cases holding that reduction or disapproval of a charge does not, *per se*, require a reduction of the sentence adjudged. *United States v. Christopher*, 13 U.S.C.M.A. 231, 32 C.M.R. 231 (1962); *United States v. Stene*, 7 U.S.C.M.A. 277, 22 C.M.R. 67 (1956).

However, since these cases were decided, the United States Court of Military Appeals promulgated *United States v. Dukes*, 5 M.J. 71 (C.M.A.1978), holding that the erroneous admission of an Article 15 punishment for a 40 minute absence from duty could well have had an impact upon the sentence imposed by a military judge. In a divided opinion, the court reversed the Army Court of Military Review, which had affirmed the sentence approved by the convening authority, and ordered a rehearing on the sentence.

In the present case, the post-trial review of the staff judge advocate advised the convening authority:

> The conviction for attempted sale of amphetamines on 26 October 1977, which I recommend you disapprove did not materially affect the sentence adjudged. The

accused's participation in the incident was minimal and is minor in relation to the other convictions for sale of amphetamines and marihuana. The sentence imposed by the court is appropriate for the standing convictions.

■■■ It is clear that the convening authority was correctly advised of the two essential standards for reassessment of sentences, *i. e.*, the impact of the disapproved charge on the sentence deliberations, and whether the sentence is unconscionably disproportionate to the affirmed charges. *United States v. Cruz*, 23 U.S.C.M.A. 238, 49 C.M.R. 291 (1974); *United States v. Stene; United States v. Joslin*, both supra. We are convinced that the sentence adjudged was not grossly disproportionate to the offenses affirmed, to wit, attempted sale of 938 amphetamine tablets, sale of 50 tablets of LSD and sale of 20 grams of marihuana. We are not as confident as the author of the post-trial review that the disapproved offense did not materially affect the sentence adjudged. We shall, therefore, independently reassess the sentence. Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c). All other errors assigned by appellate defense counsel are without merit.

Accordingly, we affirm only so much of the sentence as provides for bad conduct discharge, confinement at hard labor for three months, forfeiture of $100.00 per month for three months and reduction to airman basic.

The findings of guilty, and the sentence as modified are

AFFIRMED.

---

3. *United States v. Ernst*, No. 22131 (unpublished) AFCMR (10 January 1977).