**UNITED STATES**

v.

**Airman Woodrow E. CRAWSHAW, FR 511–72–7378, United States Air Force.**

**ACM 22844.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 April 1980.

Decided 13 May 1981.

Appellate Counsel for the Accused: Colonel Larry G. Stephens, Colonel George R. Stevens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Frederick J. Sujat, Jr., USAFR.

Before EARLY, MILES and KASTL, Appellate Military Judges.

## DECISION

KASTL, Judge:

The accused stands convicted of a three-day absence without leave and three specifications of larceny, violations of Articles 86 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921. His approved sentence is a bad conduct discharge, confinement at hard labor for two years, total forfeitures, and reduction to the lowest enlisted grade.

At trial, the military judge found the larcenies of a wallet and check separate, for sentencing purposes, from larceny of the automobile. He instructed the members that the maximum punishment included confinement at hard labor for ten years and one month. Disagreeing, the staff judge advocate's review subsequently informed the convening authority that: (1) the three larcenies were multiplicious for sentencing; and (2) the correct maximum included confinement at hard labor for five years and one month. As to reassessment, the review advised that the punishment adjudged was "neither unjust nor overly severe punishment. Therefore, a fair and reasonable reassessment of the sentence would not diminish the quantum of punishment adjudged by the court."

Before us, the accused argues that such reassessment of his sentence was inadequate. We agree.

We have already established guideposts to insure proper sentence reassessment when a specification is disapproved. *United States v. Fisher*, 6 M.J. 592 (A.F.C.M.R. 1978), pet. denied, 6 M.J. 246 (C.M.A.1979) and *United States v. Joslin*, 2 M.J. 629 (A.F.C.M.R.1976).

■ As we said in *Fisher*:

The guidelines for determining the appropriateness of sentence reassessments in this and similar situations are not precisely drawn, nor can they be. Of primary consideration, however, are the probable impact of the dismissed charges on the trial court's sentence deliberations, and whether the sentence, as reassessed, is so grossly disproportionate to the affirmed charges as to be unconscionable. *United States v. Fisher, supra* at 593.

The twin guideposts of *Fisher*—probable impact of the offending matter at trial level and gross disparity between the sentence, as reassessed, and the affirmed offenses—generally point the way here as well.

■ In this case, we do not find the reassessed sentence so "grossly disproportionate to the affirmed charges as to be unconscionable." However, we are concerned that the erroneous maximum punishment stated by the military judge may have affected the sentence adjudged. Moreover, danger to the accused is compounded by the staff judge advocate review failing to clearly set forth useful standards for the convening authority's reassessment in this area, other than general appropriateness of the sentence.

We shall independently reassess.

■ Turning to another matter, we also find that the military judge improperly failed to instruct the court on the value of the automobile, which was alleged in the specification to be $2,000.00. We will approve a finding which reflects the fact that the vehicle in question had "some value." *United States v. May*, 3 U.S.C.M.A. 703, 14 C.M.R. 121, 123 (1954); *United States v. Upton*, 9 M.J. 586, 588–589 (A.F.C.M.R. 1980).

We have considered the other matters raised by the accused and resolve them adversely to him.

Considering the errors discussed, we affirm only so much of the sentence as provides for a bad conduct discharge, confine-

ment at hard labor for 18 months, forfeiture of $299.00 per month for 18 months, and reduction to airman basic.

The findings of guilty and the sentence, both as modified, are

AFFIRMED.

EARLY, Chief Judge, and MILES, Judge, concur.