**UNITED STATES**

v.

**Airman First Class Charles E. WALK, III, FR 291–56–3915 United States Air Force.**

**ACM S27561.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 23 May 1987.

Decided 21 Dec. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Captain Henry J. Schweiter.

Appellate Counsel for the United States:

Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Kathryn I. Taylor and Major Paul H. Blackwell.

Before FORAY, MICHALSKI and MURDOCK, Appellate Military Judges.

DECISION

PER CURIAM:

A special court-martial found the appellant guilty of use of lysergic acid diethylamide (LSD) and marijuana. The convening authority disapproved the findings of guilty of use of LSD because of a violation of Mil.R.Evid. 301(c)(2), and reassessed the sentence. Appellant asserts that the convening authority should have ordered a rehearing on sentence rather than reassess. We disagree, but for other reasons set the sentence aside.

■ When reviewing a sentence reassessment, we look to see the probable impact of the dismissed specification on the sentence deliberations, and whether the sentence as reassessed is so grossly disproportionate as to the remaining charge to be unconscionable. *United States v. Fisher*, 6 M.J. 592 (A.F.C.M.R.1978). The LSD specification undoubtedly had an impact on sentence deliberations. However, in our view, the approved sentence was entirely proper for the approved specification of repeated marijuana use over a three month period. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Appellate government counsel have directed our attention to an error which requires action. The appellant's commander was called to testify during sentencing in this trial before members. During his testimony he stated that his opinion on rehabilitation potential was based solely on the appellant's drug use.

■ After the witness left the stand the military judge, *sua sponte*, instructed the members as follows:

Members of the Court, the witness, Colonel Trovero, testified that it was his understanding of Air Force regulations that a member involved in drugs could not be rehabilitated and must be discharged from the service. At least that's the way I remember his testimony to be. My understanding of Air Force Regulation 30–2 is that a person involved

in drugs is generally not retained in the Air Force. What I'm instructing you is to rely upon your understanding of what the regulations are and accept this witness's testimony as his opinion as to what he believes the regulations are. Now if you need clarification of this issue, we can procure a copy of Air Force Regulation 30–2, if you desire ... If, during the course of the trial, you want us to get 30–2 for you, we'll be glad to do so. Is that instruction understood by the parties.

Neither party objected to the instruction. Someone should have. It is error to introduce command policies regarding findings or appropriateness of sentence into judicial proceedings. *United States v. Myers,* 14 M.J. 527 (A.F.C.M.R.1982). It is particularly serious when the introduction is in the form of instructions from the military judge. This introduction of command policy on drugs into the sentencing proceedings constitutes plain error, and is not waived by the parties' failure to object. Mil.R.Evid. 103(d).

Both parties, for different reasons, have asked us to return the case for a rehearing on sentence. That is an appropriate remedy for the combination of errors that have beset this case. The findings of guilty of the Charge and Specification 2 are affirmed. The sentence is set aside. A rehearing on sentence may be ordered.