UNITED STATES

v.

**Steve M. KINZER II, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 200001092.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 23 April 1999.

Decided 31 Jan. 2002.

Maj Eric Gifford, USMC, Appellate Defense Counsel.

Maj Robert M. Fuhrer, USMC, Appellate Government Counsel.

Before PRICE, Senior Judge, VILLEMEZ, and OZMUN, Appellate Military Judges.

PRICE, Senior Judge:

The appellant was convicted, pursuant to his pleas, of two specifications of wrongful possession of a controlled substance (methylene dioxy methyl amphetamine (Ectasy) and methamphetamine) and one specification of wrongful distribution of a controlled substance (lysergic acid diethylamide (LSD)), in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. A military judge, sitting alone as a general court-martial, sentenced the appellant to a bad-conduct discharge, forfeiture of all pay and allowances, confinement for 2 years and 6 months, and reduction to pay grade E 1. On 22 June 2000, the convening authority approved the sentence as adjudged.

On 15 August 2001, we issued our original decision in this case, affirming the findings and sentence as approved below. However, because we found a violation of Article 13, UCMJ, in the conditions of the appellant's pretrial confinement, we ordered credit of 220 days against the appellant's sentence to confinement. *United States v. Kinzer,* —— M.J. ——, No. 200001092 (N.M.Ct.Crim.App. 15 Aug 2001).

On 26 September 2001, we granted the appellant's Motion to Reconsider our original decision. In his motion, the appellant asserts that the remedy of 220 days credit was not meaningful relief, because he had already been released from the brig. Contending that applying the credit against forfeitures or reduction in rate is impossible, due to the application of Articles 58a and 58b, UCMJ,

the appellant requests that we set aside the bad-conduct discharge. In support of that request, he cites *United States v. Yunk,* 53 M.J. 145 (2000) and *Waller v. Swift,* 30 M.J. 139 (C.M.A.1990).[1]

In *Yunk,* our superior Court confronted a similar appeal. Lance Corporal (LCpl) Yunk pleaded guilty to various drug offenses before a military judge sitting as a general court-martial. He was sentenced to precisely the same punishment as the appellant. Under a pretrial agreement, the convening authority approved the sentence but suspended confinement in excess of 24 months. On appeal, LCpl Yunk, for the first time, complained that the conditions of his pretrial confinement were illegal. We ruled in his favor and awarded credit for 11 days. However, at that point, the appellant had been released from confinement. Accordingly, we applied the credit by reducing the approved forfeitures from total forfeitures of pay and allowances to forfeiture of $600 pay per month for 30 months. Not satisfied with that resolution, LCpl Yunk next took his complaint to the Court of Appeals for the Armed Forces. That Court decided that, under the circumstances of that case, we did not abuse our discretion in declining to set aside the punitive discharge, holding that doing so would have been a disproportionate remedy. A key factor in the Court's analysis was the fact that LCpl Yunk had not raised the issue at trial. The other major factor was that the credit was for only 11 days.

The appellant cites the two dissenting opinions in *Yunk,* and their suggestions that we should explore novel options in awarding meaningful relief. We have carefully considered those suggestions and are not persuaded that we should pursue untested modifications of established law and regulations on court-martial sentences. Otherwise, the

---

1. Although not raised by counsel, we note that under different facts, not present here, disapproval of confinement already served can provide "meaningful relief" to an appellant. *See United States v. Ridgeway,* 48 M.J. 905, 907 (Army Ct.Crim.App.1998)(holding that disapproval of confinement already served can be converted to "good time" for pay purposes, thus returning any pay forfeited under Article 58b, UCMJ). *See* Department of Defense Financial Management Regulation, DOD 7000.14–R, 7A,

Military Pay Policy and Procedures Active Duty and Reserve Pay, ¶¶ 480306, 4809, 4810 (February 2001), for the regulations that would effectuate this. In this case, the disapproval of confinement cannot return pay forfeited under Article 58b, UCMJ, because the appellant was not in a pay-status at the time of his trial or thereafter. Staff Judge Advocate's Recommendation of 30 Mar 2000 at 2; Clemency Request of 9 Mar 2000, enclosure (1); Charge Sheet; Record at 176.

*Yunk* majority opinion represents a precedent that we are bound to follow. The fact that the appellant in the case at bar raised his complaint at trial and has renewed it before this court does give us pause, but we do not believe that setting aside a punitive discharge for 220 days of unlawful pretrial confinement represents a just and proportionate remedy.

The appellant cites the *Waller v. Swift* decision for its comment that "if . . . a 'bad-conduct discharge adjudged by a special court-martial' can be commuted into 6 months' confinement, it seems to follow that a bad-conduct discharge imposed by a general court-martial could properly be commuted into substantially more than 6 months confinement." *Waller*, 30 M.J. at 144 (quoting RULE FOR COURTS-MARTIAL 1107(d), UNITED STATES (1984 ed.), Discussion). The appellant concludes that such reasoning provides sound legal basis to apply 220 days of credit towards his bad-conduct discharge and set aside that punishment. We read the *Waller* holding to be confined to its own facts [2] and note that the majority declared, "[w]e need not decide what would be the maximum amount of confinement, if any, to which the convening authority could lawfully have commuted the bad-conduct discharge in this case over defense objection." *Waller*, 30 M.J. at 144–45. We also note that, in dissent, Judge Cox succinctly observed that "[a] sentence to confinement for 1 year is either less than, equal to, or greater than, being awarded a bad-conduct discharge," *Waller*, 30 M.J. at 145, then concluded that "[b]ecause . . . a punitive discharge is a serious and strong punishment, I believe the 1–year sentence to be a commutation." *Id.* In other words, Judge Cox believed that, at least under the facts of that case, confinement for 1 year was less serious than a bad-conduct discharge.

With that dissent in mind, we believe that another, more recent, decision from our superior Court articulates the rationale we find most helpful in deciding this issue. In *United States v. Rosendahl*, 53 M.J. 344 (2000), in a unanimous opinion, the Court held that 120 days of confinement served as a result of the approved sentence of the initial trial by general court-martial would not be credited against the approved sentence of a rehearing consisting of a bad-conduct discharge and reduction to E–1. In its rationale, the Court explained that, "in the related area of pretrial confinement, the Manual for Courts-Martial has adopted certain equivalencies to provide meaningful credit for improper pretrial confinement." *Id.* at 347; *See also* R.C.M. 305(k). The Court then described those equivalencies as to lesser punishments of restraint and monetary penalties, but noted that:

> R.C.M. 305(k), however, does not authorize application of the credit against two types of punishment: reduction and punitive separation. As noted in the Drafters' Analysis of R.C.M. 305(k), "This is because these penalties are so qualitatively different from confinement that the fact that an accused has served confinement which was technically illegal should not automatically affect these forms of punishment."

*Rosendahl*, 53 M.J. at 347. The Court agreed with that reasoning and observed that such military personnel-related punishments are not applicable in civilian criminal trials, then decided that 120 days of confinement is so different from a punitive discharge that it was not equivalent in that case. The Court expressly declined to offer an opinion whether "a different result might be warranted in a case involving lengthy confinement." *Rosendahl*, 53 M.J. at 348.

We are now presented with such a case involving more lengthy confinement. When considered together, *Yunk* and *Rosendahl* persuade us that applying 220 days of confinement credit against a bad-conduct dis-

---

2. Having received an honorable discharge and associated veteran's benefits from a previous enlistment, Staff Sergeant (SSgt) Waller requested that the court-martial adjudge a punitive discharge in lieu of confinement so that he could return home to support his family. The members sentenced him accordingly, adjudging a sentence including a bad-conduct discharge and no confinement. Upon the advice of his staff judge advocate, and over the objection of the accused, the convening authority commuted the punitive discharge to 12 months of confinement and ordered SSgt Waller into confinement. The accused promptly petitioned the Court of Military Appeals for a writ of *habeas corpus*.

charge adjudged by a general court-martial would provide the appellant with a windfall he is not due. If forfeitures of pay were available to us, we would readily apply the credit against that punishment, but we believe it is clear that Article 58b, UCMJ, eliminates that option. *Yunk*, 53 M.J. at 146. In any event, the appellant was in a no-pay status. Thus, we are left with the option of applying the credit against the reduction in rate or the bad-conduct discharge. The appellant has not requested that the credit be applied against the reduction in rate, recognizing that Article 58a, UCMJ, has eliminated that option, as well. *Id.* In sum, the appellant asks us to hold that 220 days of unlawful confinement are equal to, or more serious than a bad-conduct discharge adjudged by a general court-martial. Under the facts and circumstances of this case, we decline to do so.

Accordingly, we adhere to our decision of 15 August 2001.

Judge VILLEMEZ and Judge OZMUN concur.