# IN THE UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

### Darrell R. STIREWALT
### Health Services Technician Second Class, U.S. Coast Guard
### Petitioner

### v.

### Rear Admiral Paul J. PLUTA
### Commander, Eighth Coast Guard District
### Respondent

### Misc. Docket No. 001-01

### 9 April 2001

General court-martial convened by Commander, Eighth Coast Guard District, New Orleans, Louisiana. Rehearing proceedings held in September, November, and December, 2000, and January 2001.

| | |
|---|---|
| Military Judge: | LCDR W. J. Dunaway, JAGC, USN |
| Trial Counsel: | LCDR Jon G. Beyer, USCG |
| Assistant Trial Counsel: | LT Ron Schuster, USCGR |
| Detailed Defense Counsel: | LT Adam Siegfried, JAGC, USNR |
| Assistant Defense Counsel: | LT John Chilson, JAGC, USNR |
| Civilian Defense Counsel: | Earl F. Overby, Esq. |
| Counsel for Petitioner: | CDR Jeffrey L. Good, USCG |
| Counsel for Respondent: | CDR Chris P. Reilly, USCG |

## OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF MANDAMUS

### PANEL FOUR
### BAUM, KANTOR, WESTON
Appellate Military Judges

KANTOR, Judge:

Petitioner has filed a petition for a writ of mandamus seeking an order directing the convening authority to withdraw and dismiss pending charges due to a violation of Article 37(a), Uniform Code of Military Justice (UCMJ) in the original preferral and forwarding of charges. Alternatively, Petitioner has asked the Court to order that the officer who convened a rehearing in this case be disqualified from that function and that a substitute general court-martial convening authority be appointed due to pervasive actual and apparent unlawful command influence.

## Background

Petitioner was originally tried and convicted in 1997 of a variety of offenses involving female shipmates. On May 16, 2000, this Court set aside certain of those findings of guilty, affirmed others, set aside the sentence, and ordered a rehearing.[1] As to the findings that had been set aside, we stated that the convening authority could dismiss those charges and specifications, if he determined that a rehearing was impracticable, and, in that event, a rehearing on the sentence alone could be ordered. In furtherance of this Court's disposition, the record was remanded to the original convening authority, Commander, Eighth Coast Guard District, for decision as to whether a rehearing should be convened. After this Court's opinion was received, the District Commander had discussions concerning the case with members of his staff. At least one of those discussions, and possibly more, included the Article 32, UCMJ, investigating officer, who, at the time of our decision, was acting as staff judge advocate in the absence at school of the regularly assigned staff judge advocate. After the regular staff judge advocate returned, she provided written advice to the District Commander on 11 July 2000, recommending referral of all offenses to a general court-martial for a rehearing on the offenses that had been set aside and on the sentence as well. The District Commander approved that recommendation and referred the charges and specifications to a general court-martial for a rehearing on 13 July 2000.

That court conducted its first Article 39(a), UCMJ session in September 2000, and in subsequent sessions heard extensive testimony on a defense motion to dismiss all charges and specifications referred for retrial based on new evidence discovered after the original trial of unlawful command influence in violation of Article 37, UCMJ. According to the defense, the referral of charges to an Article 32 investigation in the original case may have been tainted by unlawful command influence; that witnesses may have been discouraged from coming forward on the Petitioner's behalf; that actions of the command may have resulted in a tainting of the member pool; and that the Article 32 investigating officer lacked independence in his actions as investigating officer and that later he served as acting staff judge advocate to the convening authority while the disposition of the case on rehearing was being discussed.

After considering the testimony and other evidence pertaining to the subject, the military judge found that there was no unlawful command influence on the initial disposition or subsequent referrals of charges and specifications, no unlawful action taken in an attempt to influence or bias any of the members or potential members, and no outside influence on the Article 32 investigating officer. However, the government failed to convince the judge beyond a reasonable doubt that the facts presented on the issue of unlawful interference with access to witnesses did not constitute unlawful command influence. Also, without making a finding whether Article 6(c), UCMJ had been violated, the judge determined that the Article 32 investigating officer "was not aggressive enough in his attempts to shield himself from subsequent action on the same case that he served as IO." Essential finding of fact 5. Based on his findings of fact, the judge denied the motion to dismiss charges and specifications due to unlawful command influence, but, due to evidence of the cumulative effect of apparent unlawful command influence, the judge took certain actions he deemed necessary to ensure a fair trial and to restore public confidence in the case. Those actions included, among other things, steps to

---

[1] *United States v. Stirewalt*, 53 M.J. 582 (C.G.Ct.Crim.App. 2000)

ensure full access to witnesses by the defense, an order that the convening authority designate a new place of trial outside the New Orleans area and an order that the Article 32, UCMJ, investigating officer, as the Eighth District's Deputy Chief of Legal, shall take no further action regarding this case and shall be removed from the rating chain of the assistant trial counsel.

Petitioner filed the instant writ petition on 18 January 2001 seeking withdrawal and dismissal of pending charges or, alternatively, that the convening authority be disqualified and a substitute general court-martial convening authority be appointed. On 25 January 2001, this Court ordered the Respondent to show cause why the relief sought should not be granted. After briefs were filed by both sides, oral argument was heard on 28 February 2001. Subsequently, supplemental pleadings were filed on 9 and 16 March 2001 by Respondent and Petitioner on the questions whether the Article 32, UCMJ, investigating officer's actions as the Eighth District's principal assistant legal officer with respect to this case amounted to unlawful command influence or a violation of Article 6(c), UCMJ, and what remedy, if any, is due Petitioner because of that officer's actions. At the time the petition was filed, the location of trial had been changed from New Orleans to St. Louis, but we have since been advised that Pensacola is now the location of trial and that the trial was continued until 5 April 2001. A motion for emergency stay of trial proceedings, which was filed with the writ petition, was denied on 28 March 2001.

### Action on the Petition

This Court approves the military judge's findings, his denial of the motion below, and the actions ordered by him to facilitate a fair rehearing and to restore public confidence in the case. Accordingly, the petition for a writ of mandamus is denied. In so acting, we have determined that a new convening authority is not required, despite the Article 32 investigating officer's subsequent participation in advising the convening authority with respect to this case. While his actions may constitute a departure from the requirements of Article 6(c), UCMJ, and Rule for Court-Martial (RCM) 405(d)(1)[1], we do not believe they constitute prejudicial error. We are convinced that, given the nature of the charges that were set aside, a rehearing on those charges would have been ordered by the current convening authority in any event, even without the participation in that decision by the investigating officer. We are also convinced any substitute convening authority would do the same.

Judge Weston concurs.

BAUM, Chief Judge, (concurring in part and dissenting in part)

I concur with all but that portion of the decision that finds no prejudice from violations of Article 6(c), UCMJ, and RCM 405(d)(1). Article 6(c) provides as follows: "No person who has acted as…investigating officer in any case may later act as a staff judge advocate or legal officer to any reviewing authority upon the same case." RCM 405(d)(1) goes even farther by stating that, "The investigating officer is disqualified to act later in the same case in any other capacity." That the Article 32, UCMJ investigating officer in this case violated both of these provisions is

---

[1] RCM 405(d)(1) states that, "The investigating officer is disqualified to act later in the same case in any other capacity."

clear to me from the facts found by the military judge. Those facts reveal the following: (1) the investigating officer was the acting senior staff judge advocate when word was received that this case had been reversed on appeal and was being returned to the Eighth District for disposition; (2) the investigating officer participated in a meeting with the Eighth District Commander, where decisions were made concerning this case and that he participated because he knew the facts of the case; (3) he was acting in the absence of the staff judge advocate when asked to provide an opinion on whether this Court's decision should be appealed to the Court of Appeals for the Armed Forces; (4) emails from and to this officer indicate that he was the legal office's point of contact for the decision; (5) he routinely held himself out as part of the District Eight legal team in matters pertaining to the case; (5) he did not tell others not to include him on emails and correspondence concerning the case until approximately two weeks prior to the judge's findings; (6) he supervised both a law clerk who worked on the case and the present assistant trial counsel; (7) he was responsible for some of the logistics of the case, including the budget, assignment of counsel, and docketing matters; and (8) that he has shared advice and information about the case with the staff judge advocate.

While the military judge did not make an express finding that the Article 32 officer had violated Article 6(c) or RCM 405(d)(1), he did find that the investigating officer was not aggressive enough in his attempts to shield himself from subsequent action on the same case. My conclusion from the foregoing facts, is that this officer's actions violated both the UCMJ and the RCM provisions. Furthermore, when there is an Article 6(c) violation, prejudice is presumed. *United States v. Coulter*, 3 USCMA 657, 14 CMR 75 (1954), *United States v. Holt*, 38 MJ 682 (AFCMR 1993). Even without a presumption of prejudice, if an Article 32 officer who recommended a general court martial were to also prepare or sign the Article 34, UCMJ advice to the convening authority concurring in that recommendation, the prejudice from such actions should be apparent. Here, according to the judge's finding, the Article 32 officer shared advice and information about the case with the staff judge advocate. I find prejudice apparent from the Article 32 officer's participation in advising the staff judge advocate prior to the preparation of that officer's Article 34 advice to the convening authority. Based on that participation, along with the other acts found by the judge, I would order the charges and specifications withdrawn from the present court-martial and forwarded to another convening authority for a new decision on referral to a general court-martial for rehearing, as requested by Petitioner.



For the Court

//s//
James P. Magner
Clerk of the Court