IN THE UNITED STATES COAST GUARD
COURT OF CRIMINAL APPEALS

| | |
|---|---|
| In Re Darrell R. STIREWALT, <br> Health Service Technician Third Class, <br> U.S. Coast Guard, <br><br> Petitioner | 11 October 2001 <br><br> PETITION FOR EXTRAORDINARY <br> RELIEF IN THE NATURE OF A <br> WRIT OF CORAM NOBIS <br> FILED WITH THIS COURT ON <br> 3 OCTOBER 2001 <br><br> MISC. DOCKET No. 001-02 <br><br> <u>ORDER – PANEL FOUR</u> |

Petitioner was convicted at a rehearing six months ago, after this Court affirmed some earlier findings of guilty, set aside others, and set aside the sentence, with direction that the record be returned to this Court for further review upon completion of the convening authority's action on the sentence. Now, without an appearance by counsel, and before return of the record to this Court, Petitioner has personally filed with this Court a petition for extraordinary relief, styled as a request for relief "in the nature of a writ of coram nobis." One of Petitioner's requests is that this Court "lift its affirmance of guilt for charges previously reviewed," based on new evidence in the record, and "an unmeasured web of Unlawful Command Influence." Other relief requested, if any, is unclear. The petition does not provide details of the new evidence and asserted command influence; nor is there a statement in the petition of the jurisdictional basis for relief and the reasons why relief sought cannot be obtained during the ordinary course of appellate review, as required by Rule 20(a)(7) of the Rules of Practice and Procedure for the Courts of Criminal Appeals. Furthermore, the petition does not indicate why it was filed personally by petitioner rather than by counsel, despite the requirement that the Government provide petitioner with continuing representation after trial. *See United States v. Leaver*, 36 M.J. 133 (CMA 1992); *United States v. Palenius,* 2 M.J. 86 (CMA 1977); *Hollywood v. Yost*, 20 M.J. 785 (CGCMR 1985).

There is a Constitutional right to represent oneself at trial. *Faretta v. California*, 422 U.S. 806 (1975). But there is no Constitutional right of self-representation either on direct appeal from a criminal conviction or by an extraordinary-writ challenge to that conviction. *Martinez v. Court of Appeal,* 528 U.S. 152 (2000); *Price v. Johnson*, 334 U.S. 266, 285 (1948). A Federal statute sets out a party's right to plead and conduct one's own case in a court of the United States and makes that right subject to court rules. 28 U.S.C. § 1654. Our rules appear to contemplate self-representation in the filing of a petition for extraordinary relief, with the statement that: "Each petition for extraordinary relief must be accompanied by a brief in support of the petition *unless it is filed in propria persona*." Rule 20(e) (emphasis added). It is the position of this Court, however, that our rules do not grant an accused an absolute right to represent himself or herself at this level either on direct appeal or by filing a petition for extraordinary relief. Rather, such *pro se* representation is subject to the discretion of this Court. Furthermore, it is our ruling

that in a case such as this one – where petitioner has been previously represented by counsel,[1] has a right to continuing representation by Government-provided counsel, and has given no indication that he has been inappropriately deprived of representation – that we will not entertain a petition filed in *propria persona*. Accordingly, it is, by the Court, this 11th day of October 2001,

ORDERED:

That the Petition for Extraordinary Relief is hereby dismissed without prejudice to Petitioner's right to have his counsel raise the issues therein in the course of normal review.



Kevin G. Ansley
Clerk of the Court

Copy:  Petitioner
       Chief, Office of Military Justice
       Appellate Government Counsel
       Appellate Defense Counsel

---

[1] *United States v. Stirewalt*, 53 M.J. 582 (C.G.Ct.Crim.App. 2000); *Stirewalt v. Pluta*, 54 M.J. 925 (C.G.Ct.Crim.App. 2001).