UNITED STATES, Appellee,

v.

Charles R. ROSENDAHL, Aviation Structural Mechanic (Egress) Second Class, U.S. Navy, Appellant.

No. 99–0584.
Crim.App. No. 96–1073.

U.S. Court of Appeals for the Armed Forces.

Argued Jan. 13, 2000.

Decided Aug. 25, 2000.

EFFRON, J., delivered the opinion of the Court, in which CRAWFORD, C.J., SULLIVAN, and GIERKE, JJ., and COX, S.J., joined.

For Appellant: *Major Dale E. Anderson,* USMC (argued).

For Appellee: *Lieutenant William C. Minick,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC and *Commander Eugene E. Irvin,* JAGC, USN (on brief); *Major Troy D. Taylor,* USMC.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone convicted appellant, pursuant to his pleas, of carnal knowledge and 3 specifications of committing indecent acts with a minor, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. He was sentenced to a bad-conduct discharge (BCD), confinement for 4 months, forfeiture of $500.00 pay per month for 4 months, and reduction to the lowest enlisted grade. The convening authority approved the sentence and, pursuant to a pretrial agreement, suspended that portion of the forfeitures in excess of $350.00 pay per month for 4 months and reduction below the grade of E–4 for a period of 6 months.

Upon initial review by the Court of Criminal Appeals in April 1997, the case was returned for a new staff judge advo-cate's recommendation and convening authority's action. Following this remand, a different convening authority again approved the sentence and, pursuant to the pretrial agreement, suspended that portion of the forfeitures in excess of $350.00 pay per month for 4 months and reduction below the grade of E–4 for a period of 6 months.

Upon further review, the Court of Criminal Appeals affirmed the carnal-knowledge conviction but set aside the findings as to the three indecent-acts specifications and the sentence. 47 MJ 689, 695 (1997). The case was returned to the convening authority, who ordered a rehearing on the indecent-acts specifications and the sentence.

At the rehearing, a new military judge sitting alone convicted appellant, pursuant to his pleas, of the three specifications of committing indecent acts with a minor. At sentencing, the military judge considered both the carnal-knowledge conviction from the original trial and the indecent-acts convictions resulting from the rehearing. Appellant was sentenced to a bad-conduct discharge and reduction to the lowest enlisted grade. The sentence did not include confinement or forfeitures.

The convening authority approved this sentence and, pursuant to the pretrial agreement, suspended reduction below the grade of E–4 for 6 months. The Court of Criminal Appeals in 1999 affirmed these findings and sentence, after ordering relief under *United States v. Gorski,* 47 MJ 370 (1997).

On appellant's petition, we granted review of the following issue:

WHETHER APPELLANT IS ENTITLED TO RELIEF FOR SERVING 120 DAYS OF POST–TRIAL CONFINEMENT AS PART OF A SENTENCE WHICH WAS LATER SET ASIDE AND WHERE SUBSEQUENT REHEARING ADJUDGED NO CONFINEMENT.

For the reasons set forth below, we affirm the 1999 decision of the Court of Criminal Appeals.

## I. BACKGROUND

### A. *Sentence limitation considerations at the rehearing*

At the outset of the rehearing, the military judge noted that he was "not aware of what the sentence imposed at the earlier hearing was...." Appellant made no motions and entered pleas of guilty to the three specifications alleging indecent acts upon a minor. When asked during the providence inquiry what advice he had given to appellant concerning the maximum sentence, defense counsel disclosed the sentence adjudged at the initial trial and stated, "So, that would be the maximum punishment that he could receive at the rehearing." Trial counsel concurred. After discussing the continued vitality of appellant's original pretrial agreement with counsel, the military judge announced that the maximum sentence at the rehearing would be the sentence "adjudged" at the original trial.

During defense counsel's sentencing argument, defense counsel briefly mentioned that appellant had served a period of confinement for his crimes: "Petty Officer Rosendahl has been punished for this once. He went to the brig. He was released." The military judge when announcing the sentence did not state on the record whether he credited any punishment previously served when he adjudged the sentence at the rehearing.

### B. *The convening authority's action*

In his clemency petition to the convening authority following the rehearing, defense counsel requested disapproval of the bad-conduct discharge. He supported this request, in part, on the ground that appellant had served 120 days of confinement as part of the sentence at the original trial, which sentence had been set aside. Noting that the sentence at the rehearing did not include confinement, defense counsel added:

> Unfortunately, AME2 Rosendahl cannot go back in time. The Government cannot undo AME2 Rosendahl's 120 days of unjust confinement. The only way the Government can compensate AME2 Rosendahl for its mistake is to disapprove his bad-conduct discharge.... AME2 Rosen-

dahl's 120 days of confinement was adjudged at an unfair hearing. The only way to correct this injustice is to disapprove AME2 Rosendahl's bad-conduct discharge.

The convening authority approved the sentence as adjudged. Pursuant to the pretrial agreement, the convening authority suspended any reduction below the grade of E-4 for a period of 6 months. In his action, he also stated, "The accused will be credited with any portion of the punishment served from 15 February 1996 until 24 May 1996 under the sentence adjudged at the former trial of this case."

## II. DISCUSSION

### A. *Former jeopardy and credit for prior punishment*

The Fifth Amendment to the Constitution provides that no person will "be subject for the same offence to be twice put in jeopardy of life or limb." This constitutional protection against double jeopardy applies to three circumstances: (1) trial "for the same offense after acquittal"; (2) trial "for the same offense after conviction"; and (3) "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In *Pearce*, the Supreme Court held that the constitutional protection against double jeopardy "is violated when punishment already extracted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense." *Id.* at 718, 89 S.Ct. 2072. With respect to confinement, the Court noted that if a defendant is acquitted at a second trial, "there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by subtracting them from whatever new sentence is imposed." *Id.* at 719, 89 S.Ct. 2072. This mandatory credit applies not only to prison time served, but also to any good time credited under the original sentence and to any fines paid under the original sentence. *Id.* at 718 n. 12 and 719 n. 13, 89 S.Ct. 2072.

The prohibition against double jeopardy for servicemembers is implemented in the

UCMJ under Article 44, 10 USC § 844, entitled **"Former jeopardy,"** which provides in subsection (a): "No person may, without his consent, be tried a second time for the same offense." When a rehearing is authorized, Article 63, UCMJ, 10 USC § 863 (1983), prohibits trial "for any offense of which" the accused was acquitted at the original trial, and also provides that "no sentence in excess of or more severe than the original sentence may be approved, unless the sentence is based upon a finding of guilty of an offense not considered upon the merits in the original proceedings, or unless the sentence prescribed for the offense is mandatory." Article 75(a), UCMJ, 10 USC 875(a), provides that "all rights, privileges, and property affected by an executed part of a court-martial sentence which has been set aside or disapproved, except an executed dismissal or discharge, shall be restored unless a new trial or rehearing is ordered and such executed part is included in a sentence imposed upon the new trial or rehearing."

As a general matter, a court-martial, including a rehearing, may adjudge any punishment authorized by the Manual. *See* RCM 1002, Manual for Courts–Martial, United States (1998 ed.). Rehearings are constrained, however, by specific limitations on the sentence that may be approved by the convening authority. "[O]ffenses on which a rehearing, new trial, or other trial has been ordered shall not be the basis for an approved sentence in excess of or more severe than the sentence ultimately approved by the convening or higher authority following the previous trial or hearing, unless the sentence prescribed for the offense is mandatory." RCM 810(d)(1). As to the effect of any punishments executed or otherwise actually served, after a rehearing an "accused shall be credited with any kind or amount of the former sentence included within the new sentence that was served or executed before the time it was disapproved or set aside." RCM 1107(f)(5)(A); *cf., United States v. Ruppel,* 49 MJ 247, 252–53 (1998).

■ In summary, the current structure of the former-jeopardy provisions in the Code and Manual provides each of the three components of the constitutional prohibition against former jeopardy. In the military, as in civilian life, the following are prohibited: (1) trial for the same offense after acquittal; (2) trial for the same offense after conviction; and (3) multiple punishments for the same offense.

B. *Impact of the sentence upon rehearing*

■ Although appellant was sentenced to confinement at his original trial, confinement was not adjudged at his rehearing. Under these circumstances, directly crediting appellant with 120 days' combined confinement and good-time credit provided no actual relief. Appellant contends that alternative relief must be afforded by ensuring that his sentence does not include a punitive discharge. Final Brief at 10.

We note that in the related area of pretrial confinement, the Manual for Courts–Martial has adopted certain equivalencies to provide meaningful credit for improper pretrial confinement. RCM 305(k). Where the credit due for improper confinement exceeds the amount of confinement that had been adjudged, credits awarded under RCM 305(k) "shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order, ..." Under the provisions of the Manual formula, 1 day of confinement is equivalent to 2 days of restriction, 1 ½ days of hard labor without confinement, total forfeiture for 1 day, or that portion of a fine amounting to 1 day of total forfeiture. *See* RCM 1003(b)(6)–(7) and 305(k).

RCM 305(k), however, does not authorize application of the credit against two types of punishment: reduction and punitive separation. As noted in the Drafter's Analysis of RCM 305(k), "This is because these penalties are so qualitatively different from confinement that the fact that an accused has served confinement which was technically illegal should not automatically affect these forms of punishment." Manual, *supra* at A21–20.

■ Similar considerations should govern application of credits for punishment imposed at an earlier court-martial for purposes of addressing former-jeopardy con-

348

cerns. We are confident that military judges who preside over rehearings are fully capable of determining the proper credits, applying the concepts set forth in RCM 305(k) to any sentence adjudged at a rehearing. After the sentence is adjudged and the terms of any applicable pretrial agreement have been examined, the military judge should consider the matter of proper credits, including necessary equivalencies, and announce on the record how those credits shall be applied. Thereafter, it is the responsibility of the convening authority to apply those credits to the approved sentence. If action by the convening authority requires some modification of the announced credits in order to provide complete credit, the convening authority can ensure proper and complete credit with the advice of his or her staff judge advocate.

In most cases, the monetary equivalencies provided under RCM 305(k) will permit quantifiable credit for punishment imposed at a first trial when different punishment is imposed at a second. With respect to reduction and punitive separation, however, we agree with the Drafter's Analysis that these punishments are "qualitatively different"

* We express no opinion regarding the unrelated issue of a convening authority's clemency power to commute a BCD to a term of confinement.

from confinement. In that regard, we note that these personnel-related punishments are not applicable in civilian criminal trials. Accordingly, we do not read *Pearce* as requiring credit against punishments unique to military life where there is no readily measurable equivalence between confinement and the personnel-related punishments of reduction and punitive separation.

The 120 days' confinement with which appellant must be credited is so different from a punitive discharge that we do not find them to be equivalent in this case.* We decline to create an equivalence between two such traditionally distinct types of punishment, particularly where the period of confinement to be credited is relatively short. Whether a different result might be warranted in a case involving lengthy confinement is a matter we need not address until such a case is presented to us.

### III. CONCLUSION

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

*See United States v. Brown*, 13 USCMA 333, 32 CMR 333 (1962).