**UNITED STATES**

v.

**Master Sergeant Lawrence E. JOSEY, United States Air Force.**

ACM 33745 (f rev).

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 5 Nov. 1998.

Decided 3 Jan. 2002.

Appellate Counsel for Appellant: Lieutenant Colonel Beverly B. Knott, Lieutenant Colonel Timothy W. Murphy, and Captain Shelly W. Schools.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo, Lieutenant Colonel Lance B. Sigmon, and Captain Steven R. Kaufman.

Before BURD, Senior Judge, BRESLIN, and HEAD, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

BURD, Senior Judge:

A general court-martial consisting of officer and enlisted members convicted the appellant, contrary to his pleas, of two specifications of wrongfully using cocaine, violating a general regulation by using his government travel card for personal purposes, making and uttering eight checks and then dishonorably failing to maintain sufficient funds to cover them, and failing to go to his appointed place of duty, in violation of Articles 112a, 92, 134, and 86, UCMJ, 10 U.S.C. §§ 912a, 892, 934, 886, respectively. On 5 November 1998, the members sentenced the appellant to confinement for 8 years, forfeiture of all pay and allowances, and reduction to E-1. In the initial action on 19 July 1999, the convening authority reduced the appellant's confinement to 6 years, otherwise approved the sentence, and waived $1,720.00 of the forfei-

tures for 6 months for the benefit of the appellant's dependent child, pursuant to Article 58b, UCMJ, 10 U.S.C. § 858b.

On 11 May 2001, this Court set aside the two allegations of wrongfully using cocaine, based on a legal error at trial, and returned the record of trial to the convening authority for a rehearing. On 4 September 2001, pursuant to Rule for Courts Martial (R.C.M.) 1107(e), the successor convening authority determined that a rehearing would be impractical and took action dismissing the cocaine use allegations. The successor convening authority reassessed the sentence and approved a sentence consisting only of forfeiture of $600.00 pay per month for 4 months and reduction to E–6.

The appellant now complains that he is entitled to additional relief because he served 30 months and 25 days confinement on the original sentence, and no confinement was approved upon reassessment. We hold that the appellant is entitled to credit for confinement served, but this credit is limited to being applied against his approved sentence to forfeitures.

After the case was returned for a rehearing, the staff judge advocate (SJA) to the convening authority opined that it would be impractical to conduct a rehearing on the cocaine allegations and recommended dismissal of those specifications and reassessment of the sentence rather than a rehearing on sentence only. While the SJA informed the convening authority of the original approved sentence and the maximum allowable punishment with the cocaine specifications dismissed, i.e., confinement for 31 months, forfeiture of all pay and allowances, and reduction to E–1, he did not inform the convening authority that the appellant was entitled to credit against any confinement for the time already spent in confinement. R.C.M. 1107(f)(5)(A); *Cf. United States v. Ruppel*, 49 M.J. 247, 252–53 (1998), *cited in United States v. Rosendahl*, 53 M.J. 344, 347 (2000).

However, the SJA stated in his recommendation that he believed any term of confinement to be inappropriate. He recommended reduction to E–5 and "one-half forfeitures of pay **and allowances** for four months." (Emphasis added.) [1]

In his submission of clemency matters, the appellant asked for credit for the 30 months and 25 days confinement served and "an additional 90 days (approximately)." The appellant's defense counsel, in his memorandum on clemency matters, referred to these 90 days as "abatement days." [2] The first attachment to the appellant's clemency request lists "abatement earned" and lists a number of days that total up to 66 days, but the total listed at the bottom of the attachment appears to indicate 86 days. For purposes of this appeal, we will assume the appellant had accumulated good conduct time credit of 86 days. *See* Air Force Instruction (AFI) 31–205, *The Air Force Corrections System*, ¶ 5.7 (9 Apr 2001) and regulatory authorities cited therein.

We dispose quickly of the question whether the appellant's accumulated good conduct time credit should be applied along with the credit for the confinement already served. We conclude the appellant is not entitled to application of good conduct time credit because his early release from confinement before his minimum release date operated to cancel the credit. Air Force Joint Instruction (AFJI) 31–215, *Military Sentences to Confinement*, ¶ 9 (Nov 1964); *United States v. Rivera–Rivera*, 19 M.J. 971 (A.C.M.R.1985). *See also United States v. Torres–Rodriguez*, 40 M.J. 872 (N.M.C.M.R. 1994).

Given the approved findings, the maximum imposable confinement was only five days more than the number of days the appellant spent in confinement. Thus, it may appear intuitive that the reason the convening authority approved no confinement in reassess-

---

1. The recommendation regarding forfeitures was erroneous because "[a]llowances shall be subject to forfeiture only when the sentence includes forfeiture of all pay and allowances." Rule for Courts–Martial 1003(b)(2). We find this error harmless. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

2. Days credited a prisoner for good conduct. See Air Force Joint Instruction (AFJI) 31–215, *Military Sentences to Confinement*, ¶ 6 (Nov 1964).

ing the sentence was that the appellant was entitled to credit for time served. We decline to make that finding however, because the SJA did not specifically discuss this fact when he recommended no confinement. But this need not detain us from appropriate resolution of the matter.

■ The appellant essentially asks us to affirm a sentence of no punishment. He does this by claiming that his served confinement "more than offsets the approved forfeiture of $600 pay per month for four months." In addition, he argues that he should receive credit against his reduction in grade because of the lengthy confinement served. The appellant cites *Rosendahl* and R.C.M. 305(k) as authority for his requests.

While the subject of R.C.M. 305 is pretrial confinement, our superior court said in *Rosendahl* that the punishment equivalencies of R.C.M. 305(k) "should govern application of credits for punishment imposed at an earlier court-martial for purposes of addressing former-jeopardy concerns." *Rosendahl*, 53 M.J. at 347–48. Importantly for this case, R.C.M. 305(k) provides that:

> If no confinement is adjudged, or if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order, using the conversion formula under R.C.M. 1003(b)(6) and (7). For purposes of this subsection, **1 day of confinement shall be equal to 1 day of total forfeiture** or a like amount of fine. **The credit shall not be applied against any other form of punishment.**

R.C.M. 305(k) (emphasis added).

Our superior court has underscored the meaning of this rule:

> RCM 305(k), however, does not authorize application of the credit against two types of punishment: reduction and punitive separation. As noted in the Drafter's Analysis of RCM 305(k), "This is because these penalties are so qualitatively different from confinement that the fact that an accused has served confinement which was technically illegal should not automatically affect

these forms of punishment." Manual, *supra* at A21–20.

*Rosendahl*, 53 M.J. at 347.

The appellant claims that this case falls within the comment in *Rosendahl* that a case involving lengthy confinement might warrant a different result. *Id.* at 348. We disagree. If such a rule were to be applied, we suggest it might only be appropriate in the most extreme case where a strict application of the equivalencies from R.C.M. 305(k) would result in a manifest injustice. We find no such injustice in this case. Our decision effectively limits the sentence to a one-grade reduction. Given the approved findings, a one-grade reduction is lenient. To argue for no punishment in this case is to argue for injustice. We shall not be a party to such a result.

Applying the rationale of the holding in *Rosendahl*, we conclude that the appellant is entitled to credit for the days he spent in confinement, which should only be applied against his approved sentence to forfeitures. The appellant is not entitled to application of confinement credit against his one-grade reduction. *Rosendahl*; R.C.M. 305(k). *See also* Department of Defense Financial Management Regulations (DoD) 7000.14–R, Vol. 7A, *Military Pay Policy and Procedures—Active Duty and Reserve Pa*y, Chap. 48, *Courts–Martial Sentences* (Feb 2001). We affirm the approved sentence, but order the credit for confinement served to be applied against the forfeitures.

In our review of this case, we have noted that the decision of this Court on 11 May 2001 and the subsequent action of the convening authority, while clear in their intended effect, are technically deficient. Our decision set aside the findings on the specifications alleging cocaine use, but did not set aside the findings on the charges that those specifications appeared under. The convening authority's action dismisses Specification 1 of Charge III, but not Charge III. We find these errors administrative in nature and harmless. Article 59(a), UCMJ, 10 U.S.C. § 859(a). We will set aside and dismiss the affected findings to cure these minor defects.

The findings of guilty of Charge III and Additional Charge II, are set aside. Charge III and Additional Charge II, are dismissed.

The approved findings of guilty, as modified, and the sentence are correct in law and fact. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987). The approved findings of guilty, as modified, and the sentence are

AFFIRMED.