UNITED STATES, Appellee

v.

Lawrence E. JOSEY, Master Sergeant
U.S. Air Force, Appellant

No. 02-0212

Crim. App. No. 33745

United States Court of Appeals for the Armed Forces

Argued October 15, 2002

Decided February 19, 2003

EFFRON, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., GIERKE, BAKER, and ERDMANN, JJ., joined.


Counsel


For Appellant:  Captain Jennifer K. Martwick (argued); Colonel Beverly B.
    Knott, Major Terry L. McElyea, Major Jeffrey A. Vires and Captain Shelly
    W. Schools (on brief).


For Appellee:  Major Thomas Taylor (argued); Colonel Anthony P. Dattilo,
    Lieutenant Colonel LeEllen Coacher and Lieutenant Colonel Lance B. Sigmon
    (on brief).


Military Judge:  H.P. Sweeney


THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of failure to go to his appointed place of duty, violation of a lawful general regulation that prohibited personal use of a government credit card, two specifications of wrongfully using cocaine, and making and uttering checks and then dishonorably failing to maintain sufficient funds to cover them, in violation of Articles 86, 92, 112a, and 134, Uniform Code of Military Justice (hereinafter UCMJ), 10 U.S.C. §§ 886, 892, 912a, and 934, (2002), respectively. He was sentenced to confinement for 8 years, forfeiture of all pay and allowances, and reduction to E-1. The convening authority reduced Appellant's confinement to 6 years, and otherwise approved the sentence.

The Court of Criminal Appeals set aside the specifications involving the use of cocaine as incorrect in law, affirmed the balance of the findings, and set aside the sentence. The court authorized a rehearing on the two cocaine specifications at the discretion of the convening authority. The court added that if the convening authority determined that a rehearing on those specifications would be impractical, the convening authority could dismiss those specifications and either reassess the

sentence or order a sentence rehearing on the remaining findings of guilty.

The case was referred to a successor convening authority, who determined that a rehearing would be impractical. The successor convening authority dismissed the specifications of cocaine use, and he reassessed the sentence. The sentence approved by the convening authority consisted of forfeiture of $600.00 pay per month for 4 months and reduction to E-6. United States v. Josey, 56 M.J. 720, 721 (A.F. Ct. Crim. App. 2002).

Upon further review, the Court of Criminal Appeals affirmed both the remaining findings and the sentence as approved by the convening authority. Id. at 722-723. In addition, the court directed that Appellant receive credit for confinement served following the initial convening authority's action. The court held that the credit would be applied against the forfeitures, but not against the reduction. Id. at 722, citing United States v. Rosendahl, 53 M.J. 344, 347-48 (C.A.A.F. 2000).

On Appellant's petition, we granted review of the following issue:

> WHETHER APPELLANT IS ENTITLED TO CREDIT
> AGAINST HIS REDUCTION IN RANK FOR SERVING 30
> MONTHS AND 28 DAYS OF POST-TRIAL CONFINEMENT
> AS PART OF A SENTENCE WHICH WAS LATER SET
> ASIDE AND WHERE THE SUBSEQUENTLY APPROVED
> SENTENCE DID NOT INCLUDE CONFINEMENT.

We conclude that Appellant is not entitled to credit under Rosendahl, and we remand the case for further consideration for the reasons set forth in Part II of this opinion.

## I. BACKGROUND

In Rosendahl, we noted that service members are protected with respect to each of the three components of the constitutional prohibition against double jeopardy. "In the military, as in civilian life, the following are prohibited: (1) trial for the same offense after acquittal; (2) trial for the same offense after conviction; and (3) multiple punishments for the same offense." 53 M.J. at 347. See Articles 44, 63, and 75(a), UCMJ, 10 U.S.C. §§ 844, 863, 875(a)(2000); Rule for Courts-Martial (hereinafter R.C.M.) 810(d)(1) and 1107(f)(5)(A), Manual for Courts-Martial, United States (2002 ed.)(hereinafter MCM). See also North Carolina v. Pearce, 395 U.S. 711 (1969).

The issue of multiple punishments presents a unique situation in the military justice system because the court-martial process serves disciplinary as well as criminal law functions. A critical element of the disciplinary process involves the authority to include in the sentence certain elements that affect military personnel administration, such as forfeiture of pay, restriction to specified limits, reprimands,

reduction in grade, and punitive discharges.  See R.C.M. 1003(b).

We considered in Rosendahl the issue of whether it was appropriate to provide credit against prior punishment when the sentence adjudged in the first proceeding involved a traditional criminal law punishment (e.g., confinement) and the sentence adjudged in the second proceeding involved a disciplinary consequence affecting personnel administration (e.g., a punitive discharge).  We concluded that the conversion formula set forth in the Manual for Courts-Martial for crediting improper confinement under R.C.M. 305(k) provided an appropriate measure for crediting various types of punishment for purposes of former jeopardy, including confinement, hard labor without confinement, restriction, forfeitures, and fines.  53 M.J. at 347.

We also took note of the Drafter's Analysis of R.C.M. 305(k), which observed that the Rule did not provide a conversion formula for reduction and punitive separations "`because these penalties are so qualitatively different from confinement that the fact that an accused has served confinement which was technically illegal should not automatically affect these forms of punishment´.  Manual, supra, at A21-20."  Id.  We concluded that similar considerations should apply to the application of credit for former jeopardy, observing that "these personnel-related punishments are not applicable in civilian

5

criminal trials . . . [and] we do not read Pearce as requiring credit against punishments unique to military life where there is no readily measurable equivalence between confinement and the personnel related punishments of reduction and punitive separation." Id. at 348.

The accused in Rosendahl had served 120 days of confinement as a result of the sentence in his original trial. After the results were set aside on appeal, a rehearing was held, and the accused was sentenced to a bad-conduct discharge and reduction in grade. The sentence did not include confinement or forfeitures. On appeal, the accused contended that his punitive discharge should be set aside as a means of crediting his prior confinement. He did not request credit in the form of modifying his reduction in rank. We concluded that his 120 days' confinement was "so different from a punitive discharge that we do not find them to be equivalent in this case." Id. (footnote omitted). We also noted: "Whether a different result might be warranted in a case involving lengthy confinement is a matter we need not address until such a case is presented to us." Id.

## II. DISCUSSION

### A.

In the present case, Appellant served 925 days of confinement pursuant to the sentence the initial convening

6

authority approved.  This sentence was set aside on appeal.  The reassessed sentence, which did not include confinement, consisted of a reduction in rank and forfeitures of pay.  The Court of Criminal Appeals concluded that he was entitled to credit for the time served in confinement, and provided him with credit against his approved sentence to forfeitures, but did not provide credit against his reduction in rank.  In his appeal to this Court, Appellant notes that in Rosendahl we left open the issue of whether such credit should be provided in a case involving lengthy confinement, and that his confinement for 925 days constitutes such a case.

B.

As a preliminary matter, we note that the issue before us involves former-jeopardy credit, not compensation for confinement served as part of a sentence subsequently set aside. As a matter of federal law, compensation generally is not provided to persons who serve time in confinement as a result of an initial trial that is set aside, even if a subsequent proceeding results in acquittal, a sentence to no confinement, or a sentence to confinement for a period shorter than the initial sentence.  Federal law provides only a very limited opportunity for persons wrongly convicted in federal civilian criminal trials to obtain damages or attorneys fees.  See 28

7

U.S.C. § 2513 (2000); Act of Nov. 26, 1997, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519.  Rigsbee v. United States, 204 F.2d 70 (D.C. Cir. 1953).  The issue before us is whether credit is available for the confinement served as a result of the initial proceedings.

## C.

Upon further consideration of this issue, we conclude that reprimands, reductions in rank, and punitive separations are so qualitatively different from other punishments that conversion is not required as a matter of law.  Although a punitive separation potentially involves monetary consequences, particularly with respect to veterans' benefits, the primary impact involves severance of military status.  The issue of whether a member of the armed forces should or should not receive a punitive discharge reflects a highly individualized judgment as to the nature of the offense as well as the person's past record and future potential, and does not lend itself to a standard conversion formula.

Similar considerations apply with respect to reprimands, which have no direct monetary consequences, and reductions in rank.  Although a change in rank has a clear monetary consequence with respect to basic pay, an individual's rank in the military involves far more than money.  The primary

8

attribute of rank is one's relative status with respect to his or her fellow members of the armed forces. Many of the central features of military life -- such as assignments, privileges, responsibilities, and accountability -- are directly tied to rank. Because the factors applicable to imposing a reduction in rank reflect highly individualized judgments about military status, it is not appropriate to impose a generally applicable monetary formula for crediting periods of confinement or other punishments against a sentence to reduction.

D.

The absence of reprimands, reductions, and separations from the conversion formula in the MCM under R.C.M. 305(k) reflects the traditional exclusion of such punishments from standard conversion tables in prior editions of the Manual. For example, both the 1951 and 1969 editions of the Manual, which permitted the court-martial to substitute various punishments for the punishments listed in the then-existing Table of Maximum Punishments, did not include reprimands, reductions, and discharges in the conversion authority. Para. 127c(2), Manual for Courts-Martial, United States (1969 Rev.); para. 127c(2), Manual for Courts-Martial, United States (1951).

We also have considered whether to mandate use of the commutation power to provide former-jeopardy credit. Although a

convening authority may commute a punishment such as a punitive discharge into another form of punishment under Article 60(c), UCMJ, 10 U.S.C. § 860(c)(2000), such action is a matter of command prerogative.  Commutation involves a reduction in penalty rather than a substitution, and it is highly case-specific.  See Waller v. Swift, 30 M.J. 139, 143 (C.M.A. 1990).  There is no formula guiding such action that could provide a standard formula for former-jeopardy credit.  The litigation concerning use of the commutation power –- even when requested by an accused -- underscores the difficulty of converting reprimands, reductions, and discharges into other forms of punishment.  See, e.g., United States v. Carter, 45 M.J. 168, 170-71 (C.A.A.F. 1996); Waller, 30 M.J. at 143-45.

### E.

A convening authority has broad authority to commute a sentence into a different form so long as it involves a reduction in penalty.  Waller, 30 M.J. at 143.  Although a convening authority reviewing a case upon remand is not required as a matter of law to convert a reprimand, reduction in grade, or punitive separation to another form of punishment for purposes of providing former-jeopardy credit, the convening authority is empowered to do so as a matter of command prerogative under Article 60(c).  In the present case, the

10

substitute convening authority reassessed the sentence to a reduction to the grade of E-6 and forfeiture of $600.00 pay per month for 4 months, and he further stated in his action that appellant "will be credited with any portion of the punishment served from 5 November 1998 to 30 May 2001 under the [prior] sentence . . . ."

In the context of this case, the action of the convening authority is ambiguous. It is not clear whether the convening authority intended for the credit to be applied as a matter of law against the forfeitures, or whether he also intended to provide credit against the reduction as a matter of command prerogative. It is also not clear whether the convening authority fully considered the sentence reassessment requirements of United States v. Sales, 22 M.J. 305 (C.M.A. 1986) and United States v. Reed, 33 M.J. 98 (C.M.A. 1991).

Accordingly, the record should be remanded to the convening authority for clarification, both with respect to credit and compliance with Sales and Reed. If the convening authority intended to provide a credit against the reduction as a matter of command prerogative, he shall set forth the specific credit. Upon further review under Article 66(c), UCMJ, the Court of Criminal Appeals shall ensure that the action of the convening authority is in accord with this opinion and the sentence reassessment requirements of Sales and Reed.

11

### III. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals and the action of the convening authority are set aside.  The record is returned to the Judge Advocate General of the Air Force for a remand to the convening authority for a new post-trial action consistent with this opinion.