# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES

### v.

## Darrell R. STIREWALT
### Health Service Technician Second Class, U.S. Coast Guard

## CGCMG 0131

## Docket No. 1089

## 11 March 2003

General Court-Martial convened by Commander, Eighth Coast Guard District. Tried at New Orleans, Louisiana on 19 September 2000, 20-21, 27-28, 30 November 2000, and 1 December 2000 and tried at Pensacola, Florida 4, 16 January 2001 and 5 April 2001.

| | |
|---|---|
| Military Judge: | LCDR William J. Dunaway, JAGC, USN |
| Trial Counsel: | LCDR Jon G. Beyer, USCG |
| Assistant Trial Counsel: | LT Ronald K. Schuster, USCG |
| Detailed Defense Counsel: | LT C. Adam Siegfried, JAGC, USN |
| Assistant Defense Counsel: | LT John A. Chilson, JAGC, USN |
| Civilian Defense Counsel: | Earl F. Overby, Esquire |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

## BEFORE
## PANEL ONE
## BAUM, KANTOR AND CAHILL
Appellate Military Judges

KANTOR, Judge:

This represents the second occasion for this Court to review this case pursuant to Article 66, Uniform Code of Military Justice (UCMJ), and the third time it has been before us. Because of the case's unusual procedural history, a brief recitation of its background is provided.

On 17 June 1997, Appellant was convicted of the following offenses by a general court-martial composed of officer and enlisted members: four specifications of maltreatment by sexual harassment, one specification of rape, one specification of forcible sodomy, three specifications of assault consummated by a battery, four specifications of adultery, and four specifications of indecent

assault, in violation of Articles 93, 120, 125, 128, and 134 of the UCMJ, respectively. Prior to sentencing, the original military judge dismissed two specifications of maltreatment, two specifications of assault consummated by a battery, and one specification of adultery as multiplicious. The members sentenced Appellant to reduction to paygrade E-1, forfeiture of all pay and allowances, confinement for ten years, and a dishonorable discharge. On 29 October 1997, the convening authority approved the findings and sentence and ordered it executed with the exception of the dishonorable discharge. For a detailed recitation of the facts underlying the aforementioned charges, see *United States v. Stirewalt,* 53 M.J. 582 (C.G. Ct. Crim. App. 2000).

On 16 May 2000, this Court held that the military judge improperly excluded evidence regarding the alleged rape victim's possible motive to lie, thereby prejudicing the Appellant's ability to present an effective defense. As a result, we set aside the findings of guilty as to the charges involving that witness, namely the charges of rape and forcible sodomy, along with one specification of assault consummated by a battery and two specifications of indecent assault. *Stirewalt*, 53 M.J. at 592. We then affirmed the remaining findings of guilty but set aside the sentence and authorized a rehearing. 53 M.J. at 592. The government moved for reconsideration and requested that the Court rewrite the opinion to eliminate alleged references to Military Rule of Evidence 412 (1995 ed.) protected material, which was denied. The government then petitioned the United States Court of Appeals for the Armed Forces for extraordinary relief, which was denied. *United States v. Stirewalt,* 54 M.J. 239 (C.A.A.F. 2000). On 13 July 2000, Appellant petitioned the same Court for a grant of review of his case. The government moved to dismiss the petition as premature, which was granted. *United States v. Stirewalt*, 54 M.J. 376 (C.A.A.F. 2000).

On 13 July 2000, the charges that had been set aside were again referred to a general court-martial by the original convening authority, Commander, Eighth Coast Guard District. At the rehearing and before a different military judge, the Appellant made a motion to dismiss all charges and specifications referred for retrial based on evidence discovered after the original trial of unlawful command influence in violation of Article 37, UCMJ. According to the defense, the referral of charges to an Article 32 investigation in the original case may have been tainted by unlawful command influence; that witnesses may have been discouraged from coming forward on the Petitioner's behalf; that actions of the command may have resulted in the tainting of the member pool; and that the Article 32 investigating officer lacked independence in his actions as investigating officer and later as acting staff judge advocate to the convening authority while the disposition of the case was being discussed.

After considering the testimony and other evidence, the military judge found that there was no unlawful command influence on the initial disposition or subsequent referrals of charges and specifications, no unlawful action taken in an attempt to influence or bias any of the members or potential members, and no outside influence on the Article 32 investigating officer. However, the government failed to convince the military judge beyond a reasonable doubt that the facts presented on the issue of unlawful interference regarding access to witnesses did not constitute unlawful command influence. Also, without making a finding whether Article 6(c), UCMJ, had been violated, the military judge determined that the Article 32 investigating officer "was not aggressive enough in his attempts to shield himself from subsequent action on the same case that he served as IO." R. at App. Ex. LXXXI, p. 8. Based on his findings of fact, the military judge denied the motion to dismiss the charges and specifications due to unlawful command influence, but due to evidence of the

cumulative effect of apparent unlawful command influence, the military judge took certain actions he deemed necessary to ensure a fair trial and to restore public confidence in the case. Those actions included, among other things, ensuring the defense had full access to witnesses, ordering the convening authority to designate a new place of trial outside the New Orleans area and ordering that the Article 32, UCMJ investigating officer, who was then serving as the Eighth District's Deputy Legal Officer, take no further action regarding this case and that he be removed from the rating chain of the assistant trial counsel.

On 18 January 2001, Appellant alleged that the remedial actions were not sufficient to cure the unlawful command influence and took an interlocutory appeal to this Court via a Petition for Extraordinary Relief. The government filed an answer to Appellant's petition, pursuant to this Court's order of 25 January 2001 and oral argument was heard on 28 February 2001. Immediately after the argument, the government moved this Court to allow briefing on the issue concerning the post-remand actions of the Article 32, UCMJ investigating officer while subsequently serving as the assistant legal officer to the Commander, Eighth Coast Guard District. The motion was granted and both parties filed briefs. In a published opinion on 9 April 2001, a majority of this Court specifically approved "the military judge's findings, his denial of the motion below, and the actions ordered by him to facilitate a fair rehearing and to restore public confidence in the case." *See Stirewalt v. Pluta*, 54 M.J. 925, 927 (C.G. Ct. Crim. App. 2001). Accordingly, the petition for a *writ of mandamus* was denied.

The Appellant subsequently elected trial by military judge alone. In accordance with a pretrial agreement, the Appellant pleaded guilty to a single specification of consensual sodomy. The military judge accepted his guilty plea. The government withdrew the remaining charges and specifications. Following a combined rehearing on sentence, the military judge sentenced Appellant to confinement for 90 days, reduction to paygrade E-4, and a reprimand. The pretrial agreement had no effect on the sentence. The convening authority approved the sentence and ordered it executed. The Chief Counsel of the Coast Guard again referred the case to this Court for review under Article 66, UCMJ, on 16 November 2001.

Appellant has assigned seven errors.[1] This Court previously addressed assignments of error (AOE) I and III through VII in our decisions of 16 May 2000 and 9 April 2001. Appellant has not presented any new arguments on these issues and we do not believe it necessary to revisit them.

---

[1] I. Can a subordinate commander be said to have exercised independent judgment when the commander's third level supervisor, the District Chief of Staff, "forcefully" advised the commander that Appellant's charges were "too serious" to be handled at NJP or Special Court Martial and "needed to be heard . . . by an unlimited tribunal"? II. Appellant is entitled to credit against his reduction in rank for his 1393 days of "excess" confinement credit. III. Appellant was prejudiced when the investigating officer violated UCMJ Article 6(c) and R.C.M. 405(d)(1) by providing *ex parte* advice to both the convening authority and staff judge advocate upon remand from the Court of Criminal Appeals. IV. The *ex parte* contacts between the investigating officer, the convening authority, and the staff judge advocate violated Appellant's right to due process. V. The military judge erred in failing to recuse herself after calling military defense counsel "disingenuous" and mocking civilian defense counsel by asking a witness, with members present, if defense counsel sounded drunk. VI. Appellant was deprived of his Fifth Amendment right to remain silent when trial counsel repeatedly commented on the defense's failure to present "evidence," where the Appellant's testimony was the only logical source of evidence to rebut the government's case. VII. Appellant was materially prejudiced by a fundamentally unfair trial when evidence not introduced at trial was improperly given to and seen by the President and at least one other panel member during deliberations on findings.

Therefore, for the reasons given in our prior decisions, AOE I and III through VII are rejected. The remaining issue is AOE II concerning the Appellant's right to credit against his reduction in rank.

With regard to AOE II, the Appellant is asking that credit for 1393 days of "excess" confinement be applied against the adjudged reduction in rank. At the time of his rehearing, Appellant had served 140 days of pretrial confinement and 1003 days of post trial confinement. Appellant had also earned 340 days of "good time credit" during the period of his post trial confinement, for a total of 1483 days credit. Subtracting the 90 days of confinement awarded at his rehearing, this leaves 1393 days for which no confinement offset can be applied. Rule for Courts-Martial (RCM) 1107(f)(5)(A) states that after a rehearing, an "accused shall be credited with any kind or amount of the former sentence included within the new sentence that was served or executed before the time it was disapproved or set aside." *See United States v. Rosendahl*, 53 M.J. 344, 347 (C.A.A.F. 2000); *United States v. Ruppel*, 49 M.J. 247, 252-53 (C.A.A.F. 1998). Regarding confinement, if a person is subsequently re-convicted of an offense for which he has already served time in confinement, that time must be credited towards the new sentence imposed. *North Carolina v. Pearce*, 395 U.S. 711 (1969). However, as Appellant recognizes, there is no provision in the UCMJ on how to credit legal confinement towards forms of punishment other than confinement. Nevertheless, Appellant cites *Rosendahl* and RCM 305(k) as support for disapproving the reduction to paygrade E-4.

RCM 305(k) sets the standard for meaningful credit from improper pretrial confinement. In *Rosendahl*, the Court stated that RCM 305(k) "should govern application of credits for punishment imposed at an earlier court-martial for purposes of addressing former-jeopardy concerns." *Rosendahl*, 53 M.J. at 347. However, the Court also noted that RCM 305(k) does not authorize application of the credit against punishment in the form of reduction or punitive discharge and held that "similar considerations should govern application of credits for punishments imposed at an earlier court-martial for purposes of addressing former-jeopardy concerns." 53 M.J. at 347. However, the United States Court of Appeals for the Armed Forces did leave undecided whether a different result might be warranted in a case involving lengthy confinement when it said:

> We decline to create an equivalence between two such traditionally distinct types of punishment, particularly where the period of confinement to be credited is relatively short. Whether a different result might be warranted in a case involving lengthy confinement is a matter we need not address until such a case is presented to us.

*Id.* at 348.

Whatever comfort the Appellant may have taken from these words now appears to have been extinguished by a recent decision of our higher Court in *United States v. Josey*, 58 M.J. 105 (C.A.A.F. 2003). In *Josey*, the Appellant was seeking credit against his reduction in rank for serving 30 months and 28 days of post-trial confinement as part of a sentence that was later set aside when the subsequently approved sentence did not include confinement. Noting the language in *Rosendahl* regarding lengthy confinement, the Court nevertheless concluded that "reprimands, reduction in rank, and punitive separations are so qualitatively different from other punishments that conversion is not

required as a matter of law." *Josey*, 58 M.J. 105.

*Rosendahl* and *Josey* are dispositive of the issue. The Appellant is not entitled, as a matter of law, to receive credit for confinement imposed at an earlier court-martial to offset a reduction in grade imposed at a subsequent court-martial. Nor are we inclined to grant such credit for any other reason. As recognized in each case, the punishments are distinct and do not readily lend themselves to an equivalency analysis. Furthermore, it is patently obvious that the military judge in this case took into consideration the lengthy confinement served by the Appellant when he re-sentenced the Appellant and declined to award a punitive discharge. The military judge expressed on the record that the offenses committed by the Appellant "under certain circumstances would warrant a bad conduct discharge." R. at Vol. XIII, p. 197. However, after "taking into consideration all of the situation and all the evidence," the military judge elected not to award such a discharge. *Id.* at 198. Thus, based upon *Rosendahl* and *Josey*, as well as the actions of the military judge at the rehearing, we conclude that the Appellant is not entitled to apply his "excess" confinement towards his reduction in rank.

The approved findings of guilty and the sentence are correct in law and fact and, on the basis of the entire record, are affirmed.

CAHILL, Judge concurs.

BAUM, Chief Judge concurring.

I concur with Judge Kantor and write only to say that the position I took earlier in my separate opinion at *Stirewalt v. Pluta*, 54 M.J. 925, 927 (C. G. Ct. Crim. App. 2001) with respect to forwarding charges and specification to another convening authority for a new decision on referral for rehearing has been mooted by Appellant's guilty pleas.



For the Court,


Roy Shannon, Jr.
Clerk of the Court