CRAWFORD, Chief Judge
(concurring in the result).
The majority opinion sweeps a little too far, adopting a “discharge is different” rule that says Article 63, Uniform Code of Military Justice, 10 U.S.C. § 863 (2000), is violated any time an original sentence includes a bad-conduct discharge and a rehearing sentence includes a dishonorable discharge, “regardless of the overall sentence awarded at each sentence hearing.” 58 M.J. at 447. Thus, although not presented by the facts of this case, the majority holds that a rehearing sentence of a dishonorable discharge and 10 years’ confinement is “more severe” within the meaning of Article 63 than an original sentence of a bad-conduct discharge and 60 years’ confinement.
I agree that United States v. Rosendahl, 53 M.J. 344, 348 (C.A.A.F.2000), United States v. Josey, 58 M.J. 105, 108 (C.A.A.F. 2003), and Rule for Courts-Martial 1003(b)(8)(C) [hereinafter R.C.M.] compel a conclusion in this case that appellant’s rehearing sentence was “more severe” than his original sentence. However, I would leave for another day the question whether the same result is warranted in a case like the one described above. See Rosendahl, 53 M. J. at 348.
As the Eleventh Circuit recently observed: “[Ajppellate courts best serve the law in deciding ‘each case on the narrow ground that leads to a decisionf.]’ ” Clay v. Riverwood Int’l Corp., 157 F.3d 1259, 1264 (11th Cir.1998)(summarizing and quoting Blackston v. Shook & Fletcher Insulation Co., 764 F.2d 1480, 1481 (11th Cir.1985)). This caveat is especially relevant here, because Article 63 and R.C.M 810(d) speak in terms of rehearing “sentences” that cannot be more severe than original “sentences,” and the term “sentence” is generally understood to mean the collective individual punishments meted out at courts-martial.