UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, and SULLIVAN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Sergeant ERIC LOPEZ de VICTORIA
 United States Army, Appellant

 ARMY 20061248

 United States Army Armor Center and Fort Knox
 Richard J. Anderson, Military Judge (trial)
 Theodore E. Dixon, Military Judge (rehearing)
 Colonel Lisa Anderson-Lloyd, Staff Judge Advocate

For Appellant: Major Bradley M. Voorhees, JA; Captain Michael E. Korte, JA
(on brief).

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

 26 November 2008

 ------------------------------------------------------------------------
 SUMMARY DISPOSITION ON SENTENCE REHEARING
 ------------------------------------------------------------------------

Per Curiam:

 The Court of Appeals for the Armed Forces set aside the findings of
guilty and dismissed the specifications of indecent acts with a child
(Charge I and its specifications), violations of Article 134, Uniform Code
of Military Justice, 10 U.S.C. §934 [hereinafter UCMJ], and returned “the
record of trial to the Judge Advocate General of the Army for referral to
the convening authority to order a sentence rehearing” for the sole
remaining charge of false official statement in violation of Article 107,
UCMJ. United States v. Lopez de Victoria, 66 M.J. 67, 74 (C.A.A.F. 2008).
After sentence rehearing, this case is now before us for review under
Article 66, UCMJ. Although appellant’s case was resubmitted to us on its
merits, we find error in the action of the convening authority as described
below.

 In his action on the sentence adjudged for all of the offenses of
which
appellant was initially found guilty, the convening authority waived the
automatic forfeiture of all pay and allowances required by Article 58b,
UCMJ, for six months. On sentence rehearing, although the Staff Judge
Advocate (SJA) recommended the same clemency on forfeitures, the action
signed by the convening authority and
LOPEZ de VICTORIA – ARMY 20061248

corresponding promulgating order only waived automatic forfeiture of two-
thirds pay per month for a period of six months.

 Under the unique circumstances of this case, we believe reduction in
waived forfeitures is not authorized under Article 63, UCMJ (no approved
sentence on rehearing can exceed the original sentence unless the sentence
is mandatory or there are new guilty findings). See also Rule for Courts-
Martial 810(d); United States v. Rosendahl, 53 M.J. 344 (C.A.A.F. 2000).
To the extent the Defense Finance and Accounting Service has enforced a
waiver of forfeiture of only two-thirds pay per month for six months, we
order retroactive execution of a waiver of all forfeitures effective 2
August 2007 for a period of six months. See generally United States v.
Nicholson, 55 M.J. 551, 552 n.4 (Army Ct. Crim. App. 2001).

 The remaining finding of guilty to making a false official statement
and the sentence are affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court