STUCKY, Judge,
with whom RYAN, Judge, joins (dissenting):
The majority remands this case to the United States Air Force Court of Criminal Appeals (CCA) to determine whether Appellant received meaningful relief for a violation of Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2006). Whether Appellant has received meaningful *178 relief is a question of law, which this Court is as well suited to decide as the CCA. By simply addressing the crucial issue in this case of whether Appellant received meaningful relief, this Court need not reach other issues, namely, whether Rule for Courts-Martial (R.C.M.) 305(k) limits the remedies available for an Article 13 violation. For these reasons, I respectfully dissent.
I.
An Article 13 violation does not directly impugn the results of a trial by court-martial, which is why the error has been traditionally cured by providing the accused with sentence relief. See R.C.M. 305(k) (recognizing several sentence relief options as the remedies for a variety of errors that result in confinement credit). For Article 13 violations, sentence relief is calculated in terms of confinement credit, which is then applied against an appellant’s sentence. See United States v. Rock, 52 M.J. 154, 156-57 (C.A.A.F.1999).
Of course, every error does not demand the same degree of relief. Rather, our precedents indicate that this Court balances the error complained of, the harm suffered, and the surrounding circumstances to determine whether the accused received meaningful relief. See United States v. Harris, 66 M.J. 166, 169 (C.A.A.F.2008) (holding that “granting Appellant [the requested] relief would [have been] disproportionate to any harm he may have suffered”). The balancing of these factors is a question of law that we review de novo. See United States v. Pflueger, 65 M.J. 127, 128 (C.A.A.F.2007) (“Whether the action taken by the lower court provided meaningful relief is a question of law that we consider under a de novo standard of review.”).
Review for meaningful relief may be contrasted with reviewing for sentence appropriateness. The latter focuses on whether the sentence resulted in disparate treatment between individuals or was otherwise inappropriately severe under the facts of the case. See United States v. Baier, 60 M.J. 382, 384-85 (C.A.A.F.2005). Although the review for meaningful relief and sentence appropriateness is not the same, substantial overlap exists between them. A lower court, in reviewing the sentence for appropriateness, may resolve the issue of whether the accused received meaningful relief by taking into account errors that would require sentence relief. See United States v. Suzuki, 20 M.J. 248, 249 (C.M.A.1985) (“Indeed, had we believed that this credit already had been taken into account in the reduction of sentence originally ordered by the Court of Military Review, there would have been no occasion for further action by that court.”).
In this case, the CCA stated that, “[Waving given individualized consideration to this particular appellant, the nature of the offenses, and all other matters in the record of trial to include the appellant’s pretrial confinement, we hold that the approved sentence is not inappropriately severe.” United States v. Zarbatany, No. 37448, 2010 CCA LEXIS 354, at *6, 2010 WL 3981672, at *2 (A.F.Ct.Crim.App. Oct. 4, 2010) (unpublished) (emphasis added). The CCA’s discussion indicates that it determined the extent of sentence relief necessary in determining the appropriateness of the sentence. Under these circumstances, the CCA exercised its broad power over sentences, and its decision should be reviewed for an abuse of discretion or a miscarriage of justice. See United States v. Lacy, 50 M.J. 286, 288 (C.A.A.F.1999). The sentence the CCA affirmed clearly passes muster under this deferential standard of review.
But even if the majority is correct that the CCA did not properly understand the effect of R.C.M. 305(k), United States v. Zarbatany, 70 M.J. 177 (C.A.A.F.2011), we should not remand the case for further review, but conduct a de novo review of whether Appellant received meaningful relief.
II.
Both this Court and the Drafters’ Analysis recognize that confinement credit and punitive discharges are qualitatively different. See United States v. Rosendahl, 53 M.J. 344, 348 (C.A.A.F.2000); see also United States v. Spaustat, 57 M.J. 256, 263 (C.A.A.F.2002). Under R.C.M. 305(k), confinement credit applies to more traditional punishments, such as hard labor without confinement, restric *179 tion, fine, and forfeiture of pay. United States v. Josey, 58 M.J. 105, 107-08 (C.A.A.F.2003). Punitive discharges and reductions in rank, although punitive, are different in that they are decisions based on the perceived ability of a particular person to continue to function in the military at a particular position of respect and responsibility. Id. The extent of this Court’s power to set aside a punitive discharge on the basis of unapplied confinement credit awarded for Article 13 violations has been a legitimate question since the promulgation of R.C.M. 305(k). The general policy against doing so, however, is a sound one, which is evidenced by the fact that cases like United States v. Nelson, 18 C.M.A. 177, 39 C.M.R. 177 (1969), a case in which this Court’s predecessor set aside the punitive discharge, are exceedingly rare in our jurisprudence. Appellant argues that this case is like Nelson. The reliance of both the majority and Appellant on Nelson is undermined by the fact that the decision in Nelson preceded the enactment of R.C.M. 305(k), which is contrary to the holding in Nelson. Even aside from the timing issue, this case is not like Nelson.
In that case, we concluded that Nelson’s treatment in pretrial confinement violated Article 13 because he had been treated as though he had already been convicted of a crime. Nelson, 18 C.M.A. at 178, 39 C.M.R. at 178. Importantly, the Court of Military Appeals (CMA) concluded that the accused was subjected to punishment in violation of Article 13. Id. at 181, 39 C.M.R. at 181. Because the rest of Nelson’s sentence had already been executed, the CMA determined that the punitive discharge had to be set aside to avoid the potentially serious effects of not taking action, even though Nelson only had forty-two days of unapplied pretrial confinement credit. Id. at 181-82, 39 C.M.R. at 181-82.
By contrast, in this case, the military and prison officials violated a number of service regulations that, when aggregated, violated Article 13. The military judge, however, found that the military and prison officials never intended to punish Appellant. Moreover, Appellant’s pretrial confinement credit was actually applied to reduce his sentence, such that he served no post-trial confinement. In addition, the convening authority deferred forfeitures until action and, ultimately, did not approve any forfeitures. For these reasons, the facts of this case stand in stark contrast to those of Nelson, in which Nelson was actually punished and had no other potential remedies remaining except to set aside his punitive discharge. See id.
Under the circumstances of this case, Appellant received meaningful relief in that he served no post-trial confinement and his forfeitures were set aside. Setting aside the punitive discharge would be disproportionate to the harm Appellant suffered and inconsistent with the Court’s treatments of such relief. Unlike the majority, I need not and would not decide whether R.C.M. 305(k) limits the remedies available to a court to cure a violation of Article 13, because I am able to determine that Appellant received meaningful relief without resolving that issue. Considering the majority’s discussion of the issue, I would be remiss, however, if I said nothing about the current status of R.C.M. 305(k).
III.
Before R.C.M. 305(k), this Court’s predecessor recognized that it could adjust the entirety of the sentence, including punitive discharges, as necessary to provide meaningful relief for violations of Article 13. See Nelson, 18 C.M.A. at 181, 39 C.M.R. at 181; cf. United States v. Heard, 3 M.J. 14, 23 (C.M.A.1977) (noting that it was inappropriate to modify other aspects of the sentence, including setting aside the punitive discharge, as requested by the appellant, given the circumstances of the case). R.C.M. 305(k) changed the legal landscape by stating that pretrial confinement:
shall be applied first against any confinement adjudged. If no confinement is adjudged, or if the confinement adjudged is insufficient to offset all the credit to which the accused is entitled, the credit shall be applied against hard labor without confinement, restriction, fine, and forfeiture of pay, in that order....
*180 R.C.M. 305(k). Significantly, the final sentence of R.C.M. 305(k) states that “[t]he credit shall not be applied against any other form of punishment.” Id.
In enacting Article 13, Congress was entirely silent on what remedies are available for violations of that article. But by promulgating R.C.M. 305(k), the President clearly attempted to limit the remedies available for a violation of Article 13. In particular, the President attempted to prohibit the application of confinement credit to a punitive discharge. This Court has never determined whether the President has such power, but our precedent has generally followed the guidance provided by R.C.M. 305(k). The majority fails to clearly explain why we should or can avoid our precedent and the rule’s plain direction.
Indeed, we have used R.C.M. 305(k) and its underlying reasoning, as reflected in the Drafters’ Analysis, as a guide in determining what constitutes meaningful relief. See Rosendahl, 53 M.J. at 348 (accepting the Drafters’ Analysis for why this Court should not automatically apply confinement credit to a punitive discharge). I see no reason to depart from that precedent in this case and decide an issue that is unnecessary to the outcome in this case. Under our precedents, it is clear that Appellant received meaningful relief. Disapproval of his punitive discharge would grant him a windfall. Whether R.C.M. 305(k) controls sentence relief for violations of Article 13 is a question that can be left for another day.
IV.
For the above reasons, I would affirm the judgment of the United States Air Force Court of Criminal Appeals.